UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

AMIRULLAH ZAZAI ,

Petitioner,

v.

BRUCE SCOTT, et al.,

Respondent.

CASE NO. 2:26-cv-03483-BAT

**ORDER DENYING PETITION AND DISMISSING CASE**

Petitioner requests the Court order his immediate release on the grounds the immigration judge's (IJ) denial of bond was arbitrary, conclusory, an abuse of discretion, lacking any reasoned or individualized analysis and unsupported by the record. Dkt. 1 at 1. The Court **DENIES** the petition and **DISMISSES** the case as follows:

## BACKGROUND

Respondents arrested Petitioner on November 15, 2024, at the United States and Mexico border, placed him in expedited removal proceedings, then formal removal proceedings, and detained him without an individualized bond hearing. Petitioner has no criminal history, suffers from a large cyst on his back, and his removal proceedings are pending in the Bureau of Immigration Appeals (BIA).

On July 1, 2026, petitioner filed a first petition for writ of habeas corpus in *Zazai v. Mullin, et al.,* case number 2:26-cv-02316-JNW requesting the Court order his immediate release. On August 14, 2026, the Honorable Jamal N. Whitehead found Petitioner is detained under 8 U.S.C. § 1225(b), Petitioner's detention is prolonged, and applied the test set forth in *Banda v. McAleenan*, 385 F. Supp. 3d 1099, 1116 (W.D. Wash. 2019) to Petitioner's case. Judge Whitehead denied Petitioner's request for release, found the *Banda* factors favored Petitioner, and due process requires Respondents to provide Petitioner an individualized bond hearing at which Respondents carries the burden to prove by clear and convincing evidence Petitioner is a flight risk or a danger to the community. *See* Dkt. 10 (Judge Whitehead's Order).

On August 26, 2026, an Immigration Judge (IJ) conducted a bond hearing. Petitioner claims the ALJ denied bond without any meaningful explanation and using a "boiler plate checked-box" form that states:

> **Order:**
>
> [X] ORDERED that the request for a change in custody status be denied. Bond REMAINS AT NO BOND based on the following:
>
> [X] Flight Risk.
>
> [X] Conditional release is DENIED under any conditions set by ICE/DHS.
>
> [X] Ability to pay considered.

Dkt. 1 at 12.

On September 17, 2026, Petitioner filed the present habeas petition arguing he should be immediately released because he has been denied adequate medical attention for the cyst on his back and the bond hearing conducted pursuant to Judge Whitehead's order is constitutionally deficient and fails to remedy the initial due process violation.

## DISCUSSION

### A. Legal Standards

The Court generally lacks jurisdiction to review discretionary bond decisions under 8 U.S.C. § 1226(e). However, § 1226(e) does not bar "habeas jurisdiction over constitutional claims or questions of law." *Hernandez v. Sessions*, 872 F.3d 976, 987 (9th Cir. 2017) (quoting *Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011)); *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1209 (9th Cir. 2022) ("Although the [immigration judge's] discretionary bond determination was not reviewable in federal court. . ., we would have had jurisdiction under 28 U.S.C. § 2241 to consider any error of law in [a noncitizen's] agency proceedings, including any claimed due process violation."). Thus, "a district court has jurisdiction to review an [immigration judge's] discretionary bond denial where that bond denial is challenged as legally erroneous or unconstitutional." *Kharis v. Sessions*, Case No. 18-cv-04800-JST, 2018 WL 5809432 *4 (N.D. Cal. Nov. 6, 2018) (collecting cases).

The Court's habeas review of the IJ's bond determination as to dangerousness or flight risk is thus for abuse of discretion. *See Martinez v. Clark*, 124 F.4th 775, 779, 784-85 (9th Cir. 2024). Under this standard, the Court cannot reweigh evidence and determines only if the correct legal standard was applied. *Id.* at 785 (citing *Konou v. Holder*, 750 F.3d 1120 (9th Cir. 2014)). "When examining any evidentiary proceeding and the adjudicator's opinion, there are at least two ways to challenge whether the adjudicator applied the correct standard of proof." *Tavurov v. Noem*, No. C26-668, 2026 WL 1283513, at *6 (W.D. Wash. May 11, 2026) (quoting *Hechavarria v. Whitaker*, 358 F. Supp. 3d 227, 240 (W.D.N.Y. Jan. 16, 2019)). "First, a challenge may be based on the contention that the decisionmaker erred because the evidence itself could not—as a matter of law—have supported the adjudicator's conclusion." *Id.* (quoting

*Hechavarria*, 358 F. Supp. 3d at 240). "Second, it may be clear from the adjudicator's opinion itself that he simply did not apply the correct standard to the facts." *Id.* (quoting *Hechavarria*, 358 F. Supp. 3d at 240).

Petitioner argues the IJ's conclusion he is a flight risk violates both the Immigration and Nationality Act ("INA") and the Due Process Clause because the IJ abused their discretion in reaching this conclusion. The Court thus finds it has subject matter jurisdiction over Petitioner's claims.

To determine if a noncitizen is a danger to the community or risk of flight, the IJ weighs nine factors pursuant to BIA precedent. *K.G.M.Q. v. Bondi*, No. 2:26-CV-00506-TL, 2026 WL 962609, at *11 (W.D. Wash. Apr. 9, 2026) (citing *In re Guerra*, 24 I. & N. Dec. 37, 40 (BIA 2006) and *Martinez*, 124 F.4th at 783). These factors include:

> (1) whether the [noncitizen] has a fixed address in the United States; (2) the [noncitizen]'s length of residence in the United States; (3) the [noncitizen]'s family ties in the United States, and whether they may entitle the [noncitizen] to reside permanently in the United States in the future; (4) the [noncitizen]'s employment history; (5) the [noncitizen]'s record of appearance in court; (6) the [noncitizen]'s criminal record, including the extensiveness of criminal activity, the recency of such activity, and the seriousness of the offenses; (7) the [noncitizen]'s history of immigration violations; (8) any attempts by the alien to flee prosecution or otherwise escape from authorities; and (9) the [noncitizen]'s manner of entry to the United States.

*Martinez*, 124 F.4th at 783 (citing *In re Guerra*, 24 I. & N. Dec. 37, 40 (BIA 2006)). These factors "grant an IJ broad discretion to weigh the listed factors and add any factors not mentioned or discount those that are less probative." *Id.* at 783–84.

When no written opinion of the IJ is available, "the question is whether the evidence that the IJ relied on at the bond hearing could—as a matter of law—establish that [Petitioner] posed a flight risk" and a danger. *W.T.M. v. Bondi*, No. C25-2428, 2026 WL 262583, at *4 (W.D. Wash. Jan. 30, 2026) (alteration in original) (quoting *Garcia v. Hyde*, No. C25-585, 2025 WL 3466312,

at *7 (D.R.I. Dec. 3, 2025)).

**B. Petitioner's Challenge to the denial of bond and the Government's Response**

Petitioner argues the IJ abused their discretion and committed legal error in finding Petitioner was a flight risk and denying bond. In support Petitioner contends: (a) the IJ failed to conduct an individualized bond hearing under *Singh v. Holder*, 638 F.3d 1196 (9th Cir. 2011) as Judge Whitehead ordered; (b) the IJ denied bond based upon a conclusory finding, unsupported by an individualized analysis; (c) the IJ's denial of bond was arbitrary and an abuse of discretion because the IJ failed to provide a reasoned explanation under *Tadevosyan v. Holder*, 743 F.3d 1250, 1253 (9th Cir. 2014); (d) the evidence before the IJ did not establish as a matter of law Petitioner is a flight risk; (e) the IJ denied bond without any indication they considered the factors in 8 C.F.R. § 1236.1(c)(8) and in *Matter of Guerra*, 24 I. & N. Dec. 37, 38 (BIA 2006); and (f) nearly every *Guerra* factor supports release, not denial of bond.

Respondents disagree arguing the Court should deny relief because the IJ held them to the burden to show by clear and convincing evidence Petitioner is a risk of flight. Respondents contend the IJ accepted evidence from the parties and hear the parties' arguments. Respondents argued that bond should be denied because Petitioner has an order of removal, he lacks ties to the United States, and there was an earlier adverse credibility finding. Petitioner argued he has a potential sponsor who will provide him stable housing and verified the sponsor's residence in the United States by submitting receipts, immigration documents, photos and other documentation. Respondents contend the IJ considered Petitioner's evidence as the IJ asked counsel questions about Petitioner's ties to the country and the sponsor.

Additionally, Respondents argue Petitioner has chosen not to appeal the bond denial and should not be allowed to circumvent the administrative remedies that were available to him by

simply bringing an action in this court.

The IJ failed to provide the meaningful, individualized custody determination required by Singh and instead denied bond through a conclusory flight-risk determination unsupported by a reasoned analysis of the evidence.

**C. Discussion**

The habeas petition alleges the IJ failed to provide the meaningful, individualized custody determination required by *Singh v. Holder*, 638 F.3d 1196 (9th Cir. 2011) and instead denied bond through a conclusory flight-risk determination unsupported by a reasoned analysis of the evidence. Petitioner argues there is a "clear red flag with the IJ's denial of bond because "the IJ failed to cite any evidence or provide any reasoning" for the decision.

The recording of the hearing shows otherwise. In denying bond, the ALJ found Petitioner is not a danger to the community but denied bond on the grounds Petitioner was a risk of flight. The IJ made this finding on the grounds that she "concerns" about Petitioner's credibility "before the prior judge," at which time his applications for relief were denied and he was ordered removed. The IJ's concerns refers to an order issued on November 19, 2025 by an IJ denying Petitioner's applications for asylum, withholding of removal, and deferred removal under the convention against torture, ordering Petitioner removed to Afghanistan. In denying Petitioner's applications and ordering him removed the IJ found Plaintiff made a number of inconsistent statements such as how petitioner entered the country via a CBP-1 application which was untrue, presented written statements raising concerns about who wrote them, and "more concerning was the fact that [petitioner] didn't have much corroborating evidence." Thus, in weighing whether Petitioner should be released or not, the IJ considered evidence about his truthfulness and concluded his lack of truthfulness supported a finding he is a risk of flight. Additionally, the IJ

stated Petitioner was a flight risk as he has no "time or ties" in the country which are proper factors to consider under *Matter of Guerra* and which the Petitioner does not contest.

Petitioner argues the IJ failed to explain how the evidence supports her decision to deny bond and the Court is thus "left to speculate as to how the evidence supported the ultimate findings at all" citing *Vasquez Lopez v. Hernandez*, No. C26-0775-TSZ, 2026 WL 984151, at *3 (W.D. Wash. Apr. 13, 2026). But the *Vasquez Lopez* case involved significantly different facts. In *Vasquez Lopez* the government relied upon conclusory statements in a form stating Petitioner failed to cooperate which were made by an officer without personal knowledge and was challenged by Petitioner. Here, the IJ relied upon detailed findings made by an IJ finding Petitioner's statements and the evidence he presented were questionable and unreliable, which Petitioner has not challenged. The *Vasquez Lopez* case also involved an individual who had U.S. citizen children, other family members in the local area, steady employment and community connections developed over a 20-year period. In contrast, Petitioner has no employment, was arrested at the border when he attempted to enter the country and has no family or community connections in the United States. The IJ's finding that Petitioner lacks "ties and time" in the country was not challenged and given the facts before the IJ a basis upon which the IJ could reasonably rely in denying bond.

In short, the Court cannot say it has no "inkling as to what evidence formed the basis of the IJ's denial of bond" as Petitioner contends. The record indicates the IJ denied bond on the grounds a prior IJ had already found Petitioner was not credible, and Petitioner had no time or ties to the country. The prior credibility findings are quite detailed and both these findings and Petitioners lack of time and ties to the country went unchallenged. The ALJ based upon these findings concluded that she did not believe Petitioner would comply with orders of the Court and

that the government had met its burden of proof. While the ALJ could have provided a more detailed explanation the Court cannot conclude, as Petitioner argues, the IJ violated due process by denying bond without a "rational evidentiary basis." As the Court finds the way the bond hearing was conducted and the IJ's denial of bond did not violate Petitioner's due process rights, the Court need not address Respondent's exhaustion arguments.

For the foregoing reasons, the Court ORDERS:

1. The petition for writ of habeas corpus is DENIED and the case is DISMISSED with prejudice.

2. A copy of this order shall be provided to Petitioner.

DATED this 8th day of October, 2026.

BRIAN A. TSUCHIDA
United States Magistrate Judge